UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-05083-CV-SW-RK |
| | ) | |
| BARTON COUNTY AMBULANCE DISTRICT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

Plaintiff filed this suit against the Barton County Ambulance District ("the District").[1] In its Amended Answer, the District asserts six counterclaims against Plaintiff. Plaintiff seeks dismissal, alleging that none of the counterclaims state a claim for which relief can be granted. As discussed below, the Motion to Dismiss, (Doc. 55), is **DENIED**.

### Background

The District alleges the following facts: Plaintiff began working for the District as a part-time paramedic in November 2011, and became the District's co-Administrator in February 2012. (Doc. 50, p. 20, ¶¶ 8-9.) In March 2013, Plaintiff became the District's Administrator and was paid a $60,000 salary. (Doc. 50, p. 20, ¶ 10.)

In November 2014, Plaintiff "contacted the [District's] legal counsel and requested a template employment agreement for the employment of an administrator." (Doc. 50, p. 20, ¶ 10.) He then "made material and substantive revisions and edits" to the template provided by the District's attorney, and in February 2015 presented the edited form to the District for its approval. (Doc. 50, p. 20, ¶¶ 12-13.) Plaintiff did not disclose that he had made changes, nor did he disclose "that he had not shown his edits and changes to [the District's] counsel prior to presenting it to the Board members." (Doc. 50, p. 20, ¶¶ 14-15.) Instead, Plaintiff "affirmatively represented that the revised and edited Form Employment Agreement had been prepared, reviewed or approved by [the District's] legal counsel." (Doc. 50, p. 20, ¶ 16.)

---

[1] The Amended Complaint included five of the District's six Board Members as defendants, but they have since been dismissed. (Doc. 51.)

The District executed the Employment Agreement. It provides that Plaintiff will be paid $60,000 a year and has no provision for the payment of overtime.[2] Nonetheless, Plaintiff submitted timesheets claiming increased pay for overtime, and told the District's office manager and secretary, Margie Bowman, that the Employment Agreement provided that he would be paid overtime. (Doc. 50, p. 21, ¶ 23.) The District alleges that between February 2015 and March 2016, Plaintiff received at least $30,000 in extra pay based on his false representation to Bowman that the Employment Agreement contained an overtime provision. (Doc. 50, p. 21, ¶ 25.)

In February 2016, Plaintiff was placed on paid administrative leave pending investigation into a sexual harassment complaint. (Doc. 50, p. 22, ¶ 27.) "[W]hile suspended from his position [Plaintiff] gained access to [the District's] premises under false pretenses" and "removed a laptop from the building without permission from [the District] or the Board." (Doc. 50, p. 22, ¶¶ 29-30.) The computer had been issued to Plaintiff for use in connection with his duties, but it remained the District's property. (Doc. 50, p. 22, ¶ 33.) The District demanded that Plaintiff return the laptop, but he did not do so "for several days," and when he did it was determined that data had been removed; some of the files have been restored but "the remainder of the files stored thereon may not be retrievable." (Doc. 50, p. 22, ¶¶ 30-32.) In March 2016, Plaintiff was terminated.

The Amended Complaint asserts four claims, which the Court summarizes to provide context. Count I alleges that Plaintiff was entitled to payment of overtime under the Fair Labor Standards Act ("FLSA"), and he was terminated in retaliation for his assertion of FLSA rights. Count II alleges the Employment Contract was breached. Count III asserts a claim of wrongful discharge in violation of public policy. Count IV alleges a Due Process violation. As stated earlier, the District is the sole remaining Defendant.

---

[2] While the Court is permitted to review the Employment Agreement because it is necessarily embraced by the Amended Complaint's allegations, *e.g., Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697 n.4 (8th Cir. 2003), the only copy of the Employment Agreement provided to the Court was supplied by the District in response to Plaintiff's motion, (Doc. 58-1), and it appears incomplete. In particular, the section entitled "Compensation" begins in Part IV(A), which starts near the end of page one but does not finish on that page. The start of page two, however, does not match up with the end of page one. Moreover, the Employment Agreement provided to the Court "jumps" from Part IV(A) to Part IV(C). Nonetheless, the District alleges that the Employment Agreement does not have an express provision calling for the payment of overtime. (Doc. 50, p. 21, ¶ 21.)

In addition to denying Plaintiff's claims and presenting affirmative defenses, the District asserts six counterclaims against Plaintiff. Count I asserts a claim for fraudulent misrepresentation or concealment. Counts II and III assert claims for unjust enrichment and money had and received, respectively. Count IV alleges a claim for conversion. Counts V and VI assert statutory claims for tampering with computer data and tampering with computer equipment, respectively. Additional details about the counterclaims will be discussed as necessary.

## Discussion

When considering a motion to dismiss under rule 12(b)(6), the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *E.g., Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013).

### I. Count I – Fraudulent Misrepresentation or Concealment

Plaintiff contends the first counterclaim must be dismissed because the District has not satisfied the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure. The District disputes this contention. Resolving this issue requires ascertaining precisely what the District alleges in Count I, and the Court addresses this issue more fully below.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting" the claim. Rule 9(b)'s "particularity requirement demands a higher degree of notice than that required for other claims," and requires a party asserting a claim for fraud to "plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged

3

in them, and what was obtained as a result." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006) (quotation omitted). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *Id.* However, these are not rigid requirements, and the degree of specificity that is required may be affected by the nature of the fraud alleged – keeping in mind the objectives of providing the defendant with adequate notice of the claim and protecting the defendant from baseless claims. *United States ex rel. Thayer v. Planned Parenthood of the Heartland,* 765 F.3d 914, 918 (8th Cir. 2014).

Plaintiff argues that Count I must be dismissed because the District has not specified the changes that he allegedly made to the "template agreement" provided by the District's counsel. However, Count I actually presents three categories of misrepresentations and concealments, and a proper understanding of all three is necessary to resolving Plaintiff's argument. First, the District alleges Plaintiff concealed the fact that he made changes to the template. Second, the District describes a related but subsequent misrepresentation, alleging that Plaintiff affirmatively stated that there were no changes to the template provided by the District's counsel. Third, Plaintiff misrepresented to Bowman that the Employment Agreement provided that he would be paid overtime and submitted timesheets to support his claims for overtime. However, despite setting forth these three categories, Count I seeks relief for only one of them: Count I only seeks compensation for the more than $30,000 the District paid Plaintiff in overtime compensation that he falsely represented was included in his contract. This would not be the appropriate relief for either Plaintiff's concealment of the fact that he made changes to the agreement or his misrepresentation that there were no such changes, as neither caused the overtime payments to be made. Moreover, Count I does not seek relief (such as rescission) that would be related to the concealment or misrepresentation about changes to the template. Consequently, these allegations do not form the basis for Count I and there is no need for those allegations to satisfy the heightened requirements of Rule 9(b).

Focusing on the misrepresentation that supports the relief sought in Count I, the Court concludes that Count I satisfies Rule 9(b)'s requirements. The content of Plaintiff's misrepresentation is specified, as is the person to whom it was made. While it is identified in terms of a time frame and not a specific moment in time, the Court deems the pleading to be sufficiently specific to satisfy Rule 9(b)'s purposes. Therefore, there is no basis for dismissing Count I.

## II. Counts II and III – Unjust Enrichment and Money Had and Received

The Court will address Plaintiff's arguments regarding Counts II and III together because the claims – and Plaintiff's arguments – are similar. Both counts are premised on the District's theory that Plaintiff was not entitled to overtime and it is unjust for him to retain the overtime payments that were made to him at his insistence. The elements for an unjust enrichment claim are "(1) the plaintiff conferred a benefit on defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Binkley v. American Equity Mortg., Inc.,* 447 S.W.3d 194, 199 (Mo. 2014) (en banc) (quotations omitted). The elements for a claim for money had and received are similar, requiring the plaintiff to "establish the following elements: (1) that the defendant received or obtained possession of the plaintiff's money; (2) that the defendant thereby appreciated a benefit; and (3) that the defendant's acceptance and retention of the money was unjust." *School Dist. of Kansas City, MO v. Missouri Bd. of Fund Comm'rs*, 384 S.W.3d 238, 272 (Mo. App. 2012) (quotations omitted).

Plaintiff primarily contends that his retention of overtime payments could not be unjust because he was entitled to be paid overtime, but nothing establishes this point. Certainly, if it is determined during this litigation that Plaintiff was entitled to overtime (by virtue of the Employment Agreement, the FLSA, or something else), it would be difficult to characterize his retention of the overtime payments as "unjust." However, no such determination has been made, and Counts II and III remain viable in the meantime.

Plaintiff suggests that his entitlement to overtime payments has been established by the District's Amended Answer, which admits the allegations of Paragraph 18 of the Amended Complaint. However, Paragraph 18 represents that the Board's minutes reflect that there was a discussion about overtime and does not allege that an agreement was actually reached – so the District's agreement to Paragraph 18 does not constitute a concession that there was an agreement to pay Plaintiff overtime. Moreover, in Paragraph 19 Plaintiff specifically alleges that the final agreement included a provision for overtime, but the District denied this allegation in its Amended Answer. And, as noted earlier, the Employment Agreement (or, at least, the portion provided to the Court) does not contain a provision explicitly entitling Plaintiff to overtime.

Finally, Plaintiff argues that Counts II and III must be dismissed because they are implied contract theories, and implied contract theories cannot be utilized when an express contract

5

exists. Plaintiff's statement of the law is overly broad. *See* Restatement Third of Restitution & Unjust Enrichment § 2 cmt. c ("statements to the effect that 'there can be no unjust enrichment in contract cases' can be misleading if taken casually."). The principle Plaintiff relies upon stems from the maxim that "[t]here can be no unjust enrichment if the parties receive what they intended to obtain." *American Standard Ins. Co. v. Bracht,* 103 S.W.3d 281, 293 (Mo. App. 2003). Therefore, "[i]f the plaintiff has entered into an express contract *for the very subject matter for which he seeks recovery,* unjust enrichment does not apply, for the plaintiff's rights are limited to the express terms of the contract." *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. App. 2010) (emphasis supplied); *see also Lowe v. Hill,* 430 S.W.3d 346, 349 (Mo. App. 2014). Here, the subject matter for which the District seeks recovery – Plaintiff's entitlement to the overtime payments he has claimed and received – is allegedly not addressed by the Employment Agreement. Therefore, Counts II and III are not nullified by the Employment Agreement's existence.

### III. Count IV – Conversion

A claim of conversion requires proof that (1) the plaintiff owned or was entitled to possession of property, "(2) the defendant took possession of the property with the intent to exercise control over it; and (3) the defendant thereby deprived the plaintiff of the right to possession." *AIG Agency, Inc. v. Missouri Gen. Ins. Agency, Inc.,* 474 S.W.3d 222, 228 (Mo. App. 2015). Missouri courts have also provided an alternative formulation of the tort, stating that "[t]here are three ways to prove conversion: (1) by a tortious taking, (2) by any use, or appropriation to the use of the person in possession, indicating a claim of right in opposition to the rights of the owner, or (3) by refusal to give up possession to the owner on demand." *Moore Equip. Co. v. Callen Const. Co.,* 299 S.W.3d 678, 682 (Mo. App. 2009) (quotation omitted). Under either formulation, Count IV states a claim for conversion of both the laptop and any data that Plaintiff destroyed.

The elements set forth in *AIG Agency* have been alleged: the District alleges that it owned the laptop and the data that it contained, that Plaintiff took the laptop with the intent of exercising control over it (as evidenced by the allegation that Plaintiff removed data from the laptop), and Plaintiff retained the laptop for several days after its return was demanded and has deprived Defendant of access to the destroyed data. Alternatively, Count IV satisfies the description set forth in *Moore Equip.* because Plaintiff allegedly obtained the laptop by "taking and carrying it

6

away from [the District's] offices," (Doc. 50, p. 27, ¶ 58), after gaining access to the premises "under false pretenses," (Doc. 50, p. 22, ¶ 28), which could qualify as either a tortious taking or appropriation in derogation of the owner's rights.  Alternatively, Plaintiff's refusal to return the laptop (and the data) when demanded to do so satisfies the third circumstance described in *Moore Equip.*

Plaintiff argues that his taking of the laptop could not constitute conversion because the District alleged that it was a laptop that had been issued to him for work, (Doc. 50, p. 22, ¶ 33), and there are no allegations that he was not allowed to have the laptop while he was on administrative leave.  He also argues that he returned the laptop within a reasonable amount of time after being asked to return it.  Plaintiff's arguments are contrary to the allegations the District presents: clearly, the District alleges that Plaintiff was not supposed to have the laptop and that he retained the laptop after its return was demanded, and only returned the laptop after destroying some of the data.  In any event, the Court views Plaintiff's arguments as factual contentions that might persuade a jury that his actions were not tortious; however, these arguments do not demonstrate that Count IV fails to properly state a claim for conversion.

Plaintiff also contends that Count IV does not state a claim for conversion of the data on the computer because the District "is not able to identify or even describe any of the data allegedly 'wiped' from the computer and has not plead any facts showing that there was any impact to their operations."  (Doc. 60, p. 8.)  Plaintiff's observation is correct, but the Court deems it irrelevant because there is no case law suggesting that such facts need to be pleaded.  Finally, the Court rejects Plaintiff's suggestion that the tort of conversion is not available when the property at issue is computer data.  He cites no authority for this proposition and, to the contrary, the Court believes that the destruction of actual records – that is, records in a paper format – would support a claim for conversion, as would the destruction of storage media containing records.  *See Clayton X-Ray Co. v. Professional Sys. Corp.,* 812 S.W.2d 565, 567 (Mo. App. 1991).

### IV. Counts V and VI – Tampering

Counts V and VI are statutory claims, predicated on sections 569.095 and 569.097 of the Revised Missouri Statutes, respectively.  The two statutes actually describe crimes, but section 537.525 creates a private right of action for those injured by the commission of these crimes.  Section 569.095 describes the offense of tampering with computer data, and Count V alleges that

7

Plaintiff violated this statute by "permanently deleting or destroying some of the data stored" on the laptop. (Doc. 50, p. 28, ¶ 64; *see also* ¶¶ 65-66.) Section 569.097 describes the offense of tampering with computer equipment, and Count VI alleges that Plaintiff violated this statute by taking the laptop and refusing to return it.[3]

Similar to his approach with the conversion claim, Plaintiff presents fact-based arguments that cannot be resolved under Rule 12(b)(6). Count V and Count VI both require the District to establish that Plaintiff acted "knowingly and without authorization or without reasonable grounds to believe that [he had] authorization" to engage in the conduct described. Plaintiff argues he could not have acted with the necessary intent because he reasonably believed he could access the laptop – as established by the District's allegation that the laptop had been issued to Plaintiff for use in his work. He insists that he "clearly had reasonable grounds to believe that he had authorization to possess the laptop in question" (doc. 60, p. 9), but the Court does not agree that Plaintiff's beliefs (or their reasonableness) are clear from the pleadings. He also contends that the District has "failed to provide any factual support whatsoever for the allegation that Plaintiff 'deleted or wiped the contents of the disc storage' on the laptop" (doc. 60, p. 10), but the question before the Court is whether Counts V and VI state claims for which relief can be granted; the question is not whether there is any proof to support those claims.

---

[3] Count VI's title describes itself as asserting a claim for tampering with computer equipment, but cites the statute for tampering with computer data (§ 569.095.) However, the individual allegations within Count VI cite the statute for tampering with computer equipment. (§ 569.097.)

8

### Conclusion

The Court construes the District's first counterclaim as asserting that Plaintiff sought and obtained overtime payments by misrepresenting that the Employment Agreement expressly provided for such payments. Viewed in that light, Count I satisfies the heightened pleading requirements of Rule 9(b). The Court further concludes that the remaining counterclaims state claims for which relief can be granted and that Plaintiff's arguments to the contrary depend on disputed matters that cannot be resolved in the context of a Rule 12(b)(6) motion. Accordingly, Plaintiff's Motion to Dismiss (doc. 55) is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 2, 2017