UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-05083-CV-SW-RK |
| | ) | |
| BARTON COUNTY AMBULANCE DISTRICT, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION GRANTING BARTON COUNTY AMBULANCE DISTRICT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff filed this suit against the Barton County Ambulance District ("the District") and five of the District's six Board Members. The Board Members were dismissed on January 13, 2017. Now pending is the District's Motion for Partial Summary Judgment, which seeks summary judgment on (1) Count III, because the claim is barred by sovereign immunity, and (2) Count IV, for the same reasons Count IV was dismissed as to the individual defendants. As discussed below, the Motion for Partial Summary Judgment (doc. 62) is **GRANTED**.[1]

## Background

Most (if not all) of the relevant facts are undisputed. Plaintiff began working for the District as a part-time paramedic in November 2011, was given more responsibility over time, and eventually became the "Director" or "Administrator" in March 2013. In November 2014, Plaintiff and the District entered into an Employment Agreement that memorialized the terms of Plaintiff's employment. The Employment Agreement states that its term "shall be for a 10 year period of time, beginning January 1, 2015, and continuing until the end of the term provided." The Employment Agreement also provides:

> The District shall have the right to terminate this Agreement *with or without cause* upon 90 days' notice to the Employee, but only after having an official Board Meeting and a roll call vote of the full Board (all members are physically

---
[1] The District also seeks summary judgment with respect to Plaintiff's request for punitive damages on Counts III and IV. In light of the Court's ruling, there is no need to consider whether Plaintiff's requests for punitive damages on Counts III and IV would have been viable if the substantive claims survived summary judgment.

> present and no action may be taken with vacancies on the Board), and a unanimous vote to terminate is upon this roll call vote.

(Doc. 22 at ¶ 66 (emphasis supplied).)

In March 2016, the Board voted to terminate Plaintiff's employment. All six members of the Board were present, but only five voted to terminate Plaintiff's employment. The sixth board member, Robert Holt, abstained. The reasons for Plaintiff's termination are disputed, but for purposes of this motion the Court accepts as true Plaintiff's allegation that he was terminated because he reported that a Board Member's sister was intoxicated while on duty, or because he reported that another employee was engaged in fraudulent conduct.

The District is a political subdivision formed under Missouri law. During the relevant time period the District was protected by only one insurance policy. The policy was issued by the Missouri Public Entity Risk Management Fund, (the "MOPERM Policy"), and it provides coverage for claims arising under Missouri law, but only if those claims involve the operation of motorized vehicles or involve dangerous conditions on property.

The Amended Complaint asserts four claims. Count I alleges that Plaintiff was terminated in retaliation for his assertion of FLSA rights. Count II alleges the Employment Contract was breached. Count III asserts a claim of wrongful discharge in violation of public policy. Count IV alleges a Due Process violation. The Board Members, who were named only in Counts I and IV, were dismissed on January 13, 2017. The District is a defendant in all four counts, but as stated earlier the District seeks summary judgment on Counts III and IV only.

## Discussion

A moving party is entitled to summary judgment on a claim only upon a showing that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may

be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), *cert. denied*, 470 U.S. 1057 (1985). A party opposing a motion for summary judgment may not simply deny the allegations, but must point to evidence in the record demonstrating the existence of a factual dispute. Fed. R. Civ. P. 56(c)(1); *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909-10 (8th Cir. 2010).

## I.   Count III

The District contends that, as a political subdivision, it is entitled to sovereign immunity, and for that reason summary judgment on Count III is appropriate. Plaintiff did not respond to this argument, so the Court's analysis will be brief.

By statute, political subdivisions enjoy sovereign immunity. *Langley v. Curators of Univ. of Missouri,* 73 S.W.3d 808, 811 (Mo. App. 2002) (citing Mo. Rev. Stat. § 537.600). "'Liability of a political subdivision for torts is the exception to the general rule of sovereign immunity, hence it is incumbent on a party seeking to establish such liability to demonstrate an exception exists.'" *Id.* (quoting *State ex rel. Ripley County v. Garrett,* 18 S.W.3d 504, 509 (Mo. App. 2000)). Sovereign immunity is waived in only four instances:

> (1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment; (2) where the injury is caused by the dangerous condition of the municipality's property; (3) where the injury is caused by the municipality performing a proprietary function as opposed to a governmental function; and (4) to the extent the municipality has procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy.

*Bennartz v. City of Columbia,* 300 S.W.3d 251, 259 (Mo. App. 2009) (internal citations omitted). The first three circumstances clearly do not apply. Plaintiff's claim does not involve a motor vehicle or a condition on property. Employment decisions are considered governmental in nature and are not proprietary functions, so that exception to sovereign immunity does not apply. *E.g., Brooks v. City of Sugar Creek,* 340 S.W.3d 201, 206-07 (Mo. App. 2011); *Bennartz,* 300 S.W.3d at 260-61. Therefore, the only possible basis for overcoming the District's sovereign immunity is if the District has insurance that covers the acts alleged in Count III, so the Court must analyze the nature of the claim asserted in Count III and the coverage provided by the MOPERM Policy.

Generally, at-will employees may be discharged for any reason or no reason, but Missouri recognizes a public policy exception to this rule. Under this exception, "[a]n at-will employee may not be terminated . . . for reporting wrongdoing or violations of law to superiors or public authorities." *Fleshner v. Pepose Visioin Inst., P.C.,* 304 S.W.3d 81, 92, (Mo. 2010) (en banc). There is no need to set forth all of the parameters governing the public policy exception; it is sufficient to observe that a claim for wrongful termination in violation of public policy is created by state law. However, the MOPERM Policy provides coverage only for certain claims under Missouri law. Specifically, it provides coverage for state law claims that involve the operation of motorized vehicles or involve dangerous conditions on property. Therefore, the MOPERM Policy does not provide coverage because Count III asserts a state law claim that does not involve the operation of motorized vehicles or involve dangerous conditions on property. There being no insurance coverage, Count III is barred by sovereign immunity. Accordingly, and in light of Plaintiff's failure to respond to the District's arguments, the Court grants the District summary judgment on Count III.

## II. Count IV

Count IV asserts a due process claim, alleging that Plaintiff "had a reasonable expectation in his continued employment for a minimum of the 10-year contract period," and that this expectation constituted a property right. (Doc. 22 at ¶¶ 103-04.) Count IV also alleges that the Employment Agreement's provisions regarding the method of termination were "designed to ensure that Plaintiff's property interest in his continued employment would not be deprived without the unanimous approval of each and every member of the Board." (*Id.* at ¶¶ 105-06.)

The District seeks summary judgment by asserting virtually the same arguments presented by the Board Members when they sought dismissal of Count IV. Therefore, the Court believes it is expedient to begin by setting forth the relevant portions of its ruling.

> "To establish a procedural due process violation based upon the loss of a property interest, a plaintiff . . . must first demonstrate that it had a property interest at stake." *Hanten v. Sch. Dist. of Riverview Gardens,* 183 F.3d 799, 808 (8th Cir. 1999) (internal citation omitted). An at-will employee has no property interest in continued employment. *E.g., Brunson v. Morgan,* 2 Fed. App'x 684, *1 (8th Cir. 2001); *Adams v. St. Charles County Ambulance Dist.,* 168 F.3d 492, *1 (8th Cir. 1998) (Table); *Holtzman v. Mullon,* 100 F.3d 959, *1 (8th Cir. 1996) (Table). "For a property interest to arise, a government employee must have a legitimate claim of entitlement to continued employment, as opposed to a mere subjective expectancy." *Batra v. Board of Regents of Univ. of Neb.,* 79 F.3d 717,

> 720 (8th Cir. 1996); *see also Board of Regents of State Coll. v. Roth,* 408 U.S. 564, 577 (1972).
>
> * * *
>
> Plaintiff relies on the Employment Agreement's ten-year term and the specification of termination procedures to establish his property interest. This argument is unavailing. First, while the Employment Agreement has a ten-year term, all Plaintiff was promised for that ten years was at-will employment; he was not promised employment for ten years. This is not to say that the term was illusory: the other provisions of the Employment Agreement (for instance, Plaintiff's salary) existed for ten years – assuming, of course, that the District did not first exercise its power to terminate Plaintiff's employment. Second, it is well-established that the specification of procedures for terminating a contract does not create a property interest where such an interest does not otherwise exist. "'Property' cannot be defined by the procedures provided for its deprivation any more than can life or liberty." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541 (1985); *see also Town of Castle Rock, CO v. Gonzales*, 545 U.S. 748, 771-72 (2005); *Batra v. Board of Regents of Univ. of NE*, 79 F.3d 717, 720 (8th Cir. 1996). The District's obligation to follow specified procedures does not create a property interest; a property right is not created "merely by ordaining beneficial procedure unconnected to some articulable substantive guarantee." *Town of Castle Rock*, 545 U.S. at 771. In short, the existence of a property interest and the existence of procedures are distinct issues, *e.g., Loudermill,* 470 U.S. at 541; *Hogue v. Clinton,* 791 F.2d 1318, 1324 (8th Cir.), *cert. denied,* 479 U.S. 1008 (1986), and the existence of procedures will not create a property right where one did not otherwise exist.

(Doc. 51 at 6-7.)[2]

There is no reason not to apply the Court's prior ruling. Plaintiff contends there are now additional facts available; specifically, he points to unexecuted drafts of the Employment Agreement and other facts arising from and during the parties' negotiations. However, even if there are disputes on these matters, such disputes are not *material* and do not preclude summary judgment. Neither the parties' negotiations nor unexecuted drafts of the Employment Agreement can create a property right; only the Employment Agreement can bestow Plaintiff with property rights in his employment that can be protected by the Due Process Clause. Plaintiff also reiterates his arguments that the Employment Agreement promised him employment for ten years, but the Employment Agreement expressly states that Plaintiff could be terminated "with or without cause." Plaintiff now suggests that the Employment Agreement is ambiguous because

---

[2] The Court's prior analysis of Count IV is adopted in full; the Court has merely provided an excerpt here.

the clause permitting him to be terminated without cause contradicts the ten-year term, but this issue was addressed in the Court's prior discussion of Count IV.

The Court adheres to its conclusion that the Employment Agreement created an at-will employment relationship. As an at-will employee, Plaintiff was terminable with or without cause, so he had no property interest in continued employment. Therefore, the District is entitled to summary judgment on Count IV.

## Conclusion

The uncontroverted facts demonstrate that the District is entitled to summary judgment on Counts III and IV. Therefore, the District's motion (doc. 62) is GRANTED, and summary judgment is granted to the District on Counts III and IV.

**IT IS SO ORDERED.**

                                        s/ Roseann A. Ketchmark
                                        ROSEANN A. KETCHMARK, JUDGE
                                        UNITED STATES DISTRICT COURT

DATED: April 25, 2017